UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Cr. No.: 21-CR-00191-JL |
| ) | |
| Andre McBreairty, ) | |
| Defendant. ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Andre McBreairty files this Sentencing Memorandum in support of the agreed-upon guideline sentence of two years probation with six months on home confinement, a fine of $5,000.00, and full restitution. The Government requests the same sentence.

Mr. McBreairty's prompt acceptance of responsibility, lack of prior criminal history, payment of restitution in full, and the fact that he will have a felony-level conviction support the agreed-upon sentence. The Parties believe the proposed sentence, considering the nature and circumstances of the offense and Mr. McBrearity's history and personal characteristics, achieves the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

**I.      Procedural History**

On December 5, 2021, Mr. McBreairty was charged in a one-count Information with False Statement in violation of 18 U.S.C. § 1001(a)(1). The Government and Defendant reached a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B) and (C), which included the proposed agreed-upon sentence of two years probation with six months on home confinement, a fine of $5,000.00, and full restitution in the amount of $55,316.00.  *See* Plea Agreement at ¶ 6; Pre-Sentence Report ("PSR") at ¶ 4.

On January 3, 2022, Mr. McBreairty appeared for his Initial Appearance, filed a Waiver of Indictment, and accepted responsibility and pled guilty to the single-count Information of False Statement in violation of 18 U.S.C. § 1001(a)(1). He was released on personal recognizance with certain conditions pending sentencing.

II. **A Felony-Level Conviction, Two Years Probation with Six Months Home Confinement, a Fine, and Full Restitution Accomplishes the Goals of Sentencing**

    A. **Supreme Court's Guidance.**

In determining an appropriate sentence, the Court should first calculate the appropriate guideline under the United States Sentencing Guidelines ("the Guidelines"), including any appropriate departures. *United States v. Smith*, 531 F.3d 109, 111 (1st Cir. 2008). After calculating the Guideline range, the Court should consider the factors set forth in 18 U.S.C. § 3553(a) to determine an appropriate sentence, explain its reasoning, and select a sentence that is "sufficient, but not greater than necessary, to achieve the goals of sentencing." *Id.* (internal quotations omitted). The sentencing factors in 18 U.S.C. § 3553(a)(2) include:

> the need for the sentence imposed --
>
> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the defendant; and
> (D)    to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

    B. **Andre McBreairty is a first-time offender who has accepted full responsibility for his conduct.**

Andrew McBreairty is 45 years old, married, and a father of three children, ages 2, 15 and 17. *See* PSR at ¶¶ 66 and 68. If the Court accepts and imposes the agreed-upon sentence, Mr. McBreairty would be a convicted felon for the rest of his life, serve six

months on home confinement, have two years of probation, and pay a fine and full restitution. This sentence would provide adequate punishment and deterrence, and is sufficient, but not greater than necessary to serve the purposes of sentencing. *See* 18 U.S.C. § 3553(a).

Mr. McBreairty cooperated fully with the federal investigation, including admitting to his conduct when approached by agents from the Treasury Inspector General for Tax Administration and Social Security Administration Office of Inspector General on July 19, 2021. *See* PSR at ¶ 27. Mr. McBreairty stated that he had "fallen on hard times" due, in part, to the COVID-19 pandemic and provided federal agents with an affidavit affirming that he lied when he applied for federal loans made available by Congress through the Coronavirus Aid, Relief, and Economic Security (CARES) Act. *See* PSR at ¶ ¶ 7, 30 and 31.

Prior to and after this conduct, Mr. McBreairty has been gainfully employed throughout his life with the exception of a five-year period during which he received social security disability benefits due to back issues and an inability to work. *See* PSR at ¶¶ 75 and 80. More specifically, Mr. McBreairty worked 19 years for C&S Wholesaler Grocers in Keene, New Hampshire, as manager of operations, and is presently employed as a salesmen at Klick Lewis Dealership, an independent auto dealer in Pennsylvania. *See* PSR at ¶ 75. He has always supported his three children financially, including having full custody of his two older children for a period of time and now shares joint custody of his two older children with his ex-wife. *See* PSR at ¶ 68. Mr. McBrearity continues to provide financial support to his wife, his two-year-old daughter, and his two older children. *See* PSR at ¶¶ 66 and 68.

Due to financial pressures, Mr. McBreairty falsely filled out loan applications made available under the CARES Act. Mr. McBreairty accepts full responsibility for his illegal conduct, will pay for it for the rest of his life, and is extremely embarrassed and remorseful for what he did. Mr. McBreairty had to disclose his conduct to his elderly parents, and to his wife and children, which was painful and difficult. *See* PSR at ¶¶ 58, 59, 66 and 83.

Mr. McBreairty will repay the loans in full before or soon after the sentencing hearing. *See* Plea Agreement at ¶ 6; PSR at ¶¶ at 83 and 98. More specifically, Mr. McBreairty will provide restitution of $33,316.00 to Key Bank and $22,000.00 to the Small Business Administration, totaling $55,316.00. Due to financial pressures that he and his family presently have, Mr. McBreairty's wife agreed to take out a $50,000.00 loan to help pay the restitution. Mr. McBreairty plans to continue to work to pay the loan back and to support his wife and their two-year old daughter, as well as to provide support to his two teenage children.

### C. The Proposed Sentence Accomplishes the Goals of Sentencing.

The Parties believe the recommended sentence of two years probation with six months on home confinement, a fine of $5,000.00, and full restitution accomplishes the goals of sentencing. The proposed sentence sends a strong message that if anyone falsely obtains loans, they will be prosecuted. Mr. McBreairty's punishment of a felony-level conviction is significant for someone who has never had any conviction other than a motor vehicle matter. Mr. McBreairty recognizes and admits he made a huge mistake, and wishes to accept responsibility by pleading guilty and to make this right by making full restitution concerning the loans he falsely acquired. For these reasons, the Government and Defense both believe that the proposed sentence accomplishes the goals of sentencing.

**III.     Sentencing Request**

Mr. McBreairty respectfully requests that the Court impose the agreed-upon guideline sentence of two years probation with six months on home confinement, a fine of $5,000.00, and full restitution in the amount of $55,316.00. This sentence is sufficient, but not greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Andre McBreairty
By His Attorneys:
SHAHEEN & GORDON, P.A.

Dated: April 4, 2022           `           /s/ Brian M. Quirk
Brian M. Quirk
NH Bar #12526
107 Storrs Street/P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
bquirk@shaheengordon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Brian M. Quirk
Brian M. Quirk